UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC MORA, | No. 2:14-cv-0581-EFB P |
| Plaintiff, | |
| v. | ORDER SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A |
| CALIFORNIA CORRECTIONAL CENTER, et. al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding without counsel, has filed an action under 42 U.S.C. § 1983.[1]  He has paid the filing fee.

**I.   Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent.  *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

1

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**II.    Screening Order**

For the limited purposes of § 1915A screening and liberally construed, the amended complaint (ECF No. 4) states potentially cognizable Eighth Amendment deliberate indifference to medical needs claims against defendants Eaton and Gomer. Plaintiff purports to bring Eighth Amendment and state law tort claims against additional defendants, including numerous "doe" defendants. Under the applicable standards, discussed below, those allegations fail to state a claim and are dismissed with leave to amend.

/////

1        First, plaintiff's use of Doe defendants is problematic, *see Gillespie v. Civiletti*, 629 F.2d
2   637, 642 (9th Cir. 1980), and ultimately unnecessary.  Should plaintiff learn the identities of
3   parties he wishes to serve, he must promptly file a motion to amend his complaint to add them
4   pursuant to Rule 15 of the Federal Rules of Civil Procedure, and he must satisfy the requirements
5   of that rule.  *See Brass v. County of Los Angeles*, 328 F.3d 1192, 1197-98 (9th Cir. 2003).  If the
6   timing of his amended complaint raises questions as to the statute of limitations, plaintiff must
7   satisfy the requirements of Rule 15(c).  Rule 15(c), not the California state court pleading
8   practices involving the use of Does, is the controlling procedure for adding defendants whose
9   identities were discovered after commencement of the action.  Additionally, unknown persons
10  cannot be served with process until they are identified by their real names and the court will not
11  investigate the names and identities of unnamed defendants.
12       Second, plaintiff cannot state a proper state law tort claim against defendants Facer, Klein,
13  Yeranossian, Graves, and Hoa, because he has not alleged compliance with the California Torts
14  Claims Act.  The California Torts Claims Act ("GCA"), requires that a party seeking to recover
15  money damages from a public entity or its employees submit a claim to the entity *before* filing
16  suit in court, generally no later than six months after the cause of action accrues.  Cal. Gov't Code
17  §§ 905, 911.2, 945, 950.2 (emphasis added).  Timely claim presentation is not merely a
18  procedural requirement of the GCA but is an element of a plaintiff's cause of action.  *Shirk v.*
19  *Vista Unified Sch. Dist.,* 42 Cal. 4th 201, 209 (2007).  Thus, when a plaintiff asserts a claim
20  subject to the GCA, he must affirmatively allege compliance with the claim presentation
21  procedure, or circumstances excusing such compliance, in his complaint.  *Id.*  The requirement
22  that a plaintiff asserting claims subject to the GCA must affirmatively allege compliance with the
23  claims filing requirement applies in federal court as well.  *Karim-Panahi v. Los Angeles Police*
24  *Dep't*, 839 F.2d 621, 627 (9th Cir. 1988).  Thus, any purported state law claims must be
25  dismissed with leave to amend for failure to allege compliance with the GCA.
26       Third, the allegations against defendants Lewis, Mahoney, Mayes, Booker, Bishop,
27  Sanderson, and Gershbein are too vague and conclusory to support a proper Eighth Amendment
28  claim.  At worst, plaintiff's allegations against these defendants amount to a state law claim of

3

negligence. Likewise, the allegations against defendants Pfile, Fleischman, Rios, and Chen are insufficient to state a proper Eighth Amendment claim. Plaintiff's allegations suggest that these defendants may have improperly processed his administrative appeals. The allegations do not demonstrate that any one of them caused plaintiff harm by consciously disregarding a serious risk of substantial harm to him.

To state a claim under 42 U.S.C. § 1983, plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). He must identify the particular person or persons who violated his rights. He must also plead facts showing how that particular person was involved in the alleged violation.

To succeed on an Eighth Amendment claim predicated on the denial of medical care, a plaintiff must establish that he had a serious medical need and that the defendant's response to that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Jett*, 439 F.3d at 1096. Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if

he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847.  A physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights.  *Ortiz v. City of Imperial*, 884 F.2d 1312, 1314 (9th Cir. 1989).  A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. *Id.*

It is important to differentiate common law negligence claims of malpractice from claims predicated on violations of the Eight Amendment's prohibition of cruel and unusual punishment. In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).

There are no constitutional requirements regarding how a grievance system is operated. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system).  Thus, plaintiff may not impose liability on defendants simply because they played a role in processing plaintiff's inmate appeals.  *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (an administrative "grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates.  Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment. . . .  Thus, defendants' failure to process any of Buckley's grievances, without more, is not actionable under section 1983." (internal quotations omitted)).

Thus, plaintiff may either proceed only on the Eighth Amendment deliberate indifference to medical needs claims against defendants Eaton and Gomer or he may amend his complaint to attempt to cure the deficiencies identified herein.  Plaintiff is not obligated to amend his complaint.

/////

Any amended complaint must cure the deficiencies identified above and also adhere to the following requirements:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* Local Rule 110.

**III.    Summary of Order**

Accordingly, IT IS HEREBY ORDERED that:

1. The allegations in the pleading are sufficient at least to state potentially cognizable Eighth Amendment deliberate indifference to medical needs claims against defendants Eaton and Gomer. All other claims/defendants are dismissed with leave to amend within 30 days of service of this order. Plaintiff is not obligated to amend his complaint.

/////

    2. If plaintiff wishes to have the United States Marshal serve the complaint on defendants Eaton and Gomer, he must file a request for leave to proceed in forma pauperis within 30 days from the date of this order. If plaintiff does not file such a request, or if the court denies any such request, plaintiff will be directed to proceed with service without the assistance of the United States Marshal.

    3. The Clerk of the Court is directed to mail to plaintiff a form application for leave to proceed in forma pauperis.

    4. Failure to comply with this order may result in the dismissal of this action.

DATED: October 19, 2015.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE