UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC MORA,<br><br>    Plaintiff,<br><br>    v.<br><br>ZACK EATON, et al.,<br><br>    Defendants. | No. 2:14-cv-0581 KJM DB P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel and an extension of time to respond to defendants' motion for summary judgment.

Plaintiff states that he requires the appointment of counsel because he cannot afford to hire one, the issues in his case are complex, he will have difficulty marshaling evidence because he is incarcerated, he may suffer retaliation if he conducts an investigation, and he has limited education. (ECF No. 50.) The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

////

1

1       The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

      Plaintiff has also requested a second extension of time to file an opposition to defendants' motion for summary judgment. (ECF No. 51.) Good cause appearing, this request will be granted.

      Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 50) is denied;

2. Plaintiff's motion for an extension of time (ECF No. 51) is granted; and

3. Plaintiff is granted thirty days from the date of this order in which to file and serve an opposition to defendants' motion for summary judgment. Any reply shall be filed and served in accordance with Local Rule 230(l).

Dated: November 9, 2017

                                                             DEBORAH BARNES
                                                             UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/orders/prisoner-civil rights/mora0581.31+36sec.opp