UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC MORA,<br><br>        Plaintiff,<br><br>        v.<br><br>EATON, et al.,<br><br>        Defendants. | No. 2:14-cv-0581 KJM DB P<br><br><br>ORDER |

      Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On June 27, 2018, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Defendants have filed objections to the findings and recommendations and plaintiff has filed responses to those objections.

      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having reviewed the file, the court declines to adopt the findings and recommendations and refers the matter back to the assigned magistrate judge for further proceedings consistent with this order.

/////

1

The magistrate judge finds that summary judgment should be granted on plaintiff's negligence claims in favor of defendants Powell, Wooten, and Nweke. ECF No. 64 at 23-24. The finding is supported by cases cited in the findings and recommendations. *Id.* However, with respect to the Eighth Amendment claims against defendants Eaton, Gomer, Sanderson, Leslie and Kremer, it is not clear whether the magistrate judge analyzed the claims under the proper standard. As noted in the findings and recommendations, delay of medical care can constitute "deliberate indifference" under the standard for Eighth Amendment violations. ECF No. 64 at 15 (citing *Hutchinson v. United States*, 838 F.2d 390, 393-394 (9th Cir. 1988)). However, to show deliberate indifference, a plaintiff must show "a state of mind more blameworthy than negligence," which "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)). It is not clear whether the magistrate judge applied this standard or the lower standard for negligence when analyzing plaintiff's Eight Amendment claims. *See, e.g.*, ECF No. 64 at 17-18 (denying summary judgment for defendant on the Eighth Amendment claim against Eaton because "[t]he fact that Eaton was unaware that plaintiff was suffering retinal detachment does not meant that a reasonable registered nurse in his position would not have sought immediate help from a doctor for plaintiff's sudden loss of vision . . . .").

Additionally, it appears the magistrate judge inadvertently cited to ECF No. 40, referring to it as "plaintiff's sworn testimony given at his deposition." *See* ECF No. 64 at 8; *see also* ECF No. 40 (Order Re Consent or Request for Reassignment).

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed June 27, 2018 are not adopted; and
2. This matter is referred back to the assigned magistrate judge for further proceedings consistent with this order.

DATED: September 26, 2018.

_____
UNITED STATES DISTRICT JUDGE

2