UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC MORA,<br><br>        Plaintiff,<br><br>    v.<br><br>EATON, et al.,<br><br>        Defendants. | No. 2:14-cv-0581 KJM DB P<br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 27, 2018, the magistrate judge filed findings and recommendations recommending defendants' motion for summary judgment be granted in part and denied in part. ECF No. 64. The court declined to adopt the findings and recommendations based on defendants' objection it was not clear whether the magistrate judge applied the correct standard for deliberate indifference. ECF No. 74 at 2. On October 30, 2018, the magistrate judge filed amended findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Findings and Recommendations ("Findings"), ECF No. 76. Both parties have filed objections to the findings and recommendations. ECF Nos. 77, 80.

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having reviewed the file, the court finds the findings and recommendations now to be supported by the record and by proper analysis, with the exception of the recommendation that the court grant summary judgment as explained below. The court below also addresses the parties' objections.

I. <u>Eighth Amendment Claim against Defendant Gomer</u>

Plaintiff objects to the magistrate judge's finding that "the facts are insufficient for this court to infer that [defendant] Gomer acted with deliberate indifference to plaintiff's needs [and] [s]ummary judgment should be granted on plaintiff's Eighth Amendment claim against defendant Gomer." Findings at 20. Plaintiff's primary argument is that, by labeling plaintiff's eye issue as "urgent" rather than "emergent," Gomer "knowingly subjected the plaintiff to an unspecified waiting period" before he could see a specialist. Pl.'s Objs. at 6. In her analysis of the negligence claim against Gomer, the magistrate judge finds there is a genuine dispute of material fact regarding "the difference between an 'urgent' request and an 'emergent' request," such that the court cannot "determine the reasonableness of Gomer's conduct," and summary judgment on the negligence claim is inappropriate. *Id.* at 28. The same factual dispute prevents summary judgment on plaintiff's Eighth Amendment claim against Gomer. At this stage of the litigation, the court must resolve any factual disputes in plaintiff's favor. *Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1059 (9th Cir. 2006) (citing *Cunningham v. City of Wenatchee,* 345 F.3d 802, 807 (9th Cir. 2003)). Therefore, the court treats as true plaintiff's uncontroverted evidence[1] that: (1) Gomer knew plaintiff's eye needed immediate attention, because it was obvious and because plaintiff told Gomer that Dr. Hearne had advised that he be notified immediately if Mora experienced problems with his vision in the treated eye, (2) Gomer knew an "urgent" request might not be resolved for at least a week, and yet (3) Gomer chose to mark

---

[1] The court need not rule on defendants' objections to evidence, because the magistrate judge did not rely on the evidence to which defendants object. Findings at 8 ("Because the undersigned has not relied on any of the exhibits to which defendants object, there is no need to rule on those objections."). To the extent the court relies on any additional evidence not relied upon by the magistrate judge, the court also does not rely on any evidence to which defendants object here, and so need not rule on defendants' evidentiary objections. *See* Defs.' Objs. at 6–7.

plaintiff's eye issue as "urgent" on plaintiff's medical form. *See* Defs.' Objs. at 5; Mora Decl., ECF No. 55, at 7–9. Given this set of facts, a reasonable jury could find Gomer was deliberately indifferent to plaintiff's serious medical need. *See Hutchinson v. United* States, 838 F.2d 390, 393–94 (9th Cir. 1988) (explaining deliberate indifference to serious medical needs of prisoners "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care") (citing *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)). Without more evidence regarding the difference between "urgent" and "emergent," a genuine dispute of material fact prevents the court from granting summary judgment on plaintiff's Eighth Amendment claim against Gomer.

II. <u>Defendants' Objections to the Amended Findings and Recommendations</u>

In their objections, defendants once again argue the magistrate judge "ignored the 'subjective standard' of a deliberate indifference claim." Defs.' Objs., ECF No. 77, at 2. However, the magistrate judge clearly applied the deliberate indifference standard in her analysis of the Eighth Amendment claims. For example, in her discussion of the claim against defendant Eaton, the magistrate judge writes,

> [D]efendants present no evidence to indicate that Eaton did not find plaintiff's statement that his vision was 'going blurrier day by day' to be true. Further, Eaton's notation that plaintiff was at risk for bumping into things shows that he knew plaintiff's vision loss was a serious medical condition because it 'significantly affect[ed] [plaintiff's] daily activities.' Whether Eaton's feeling that plaintiff's condition was not 'alarming' should be credited . . . is the sort of factual determination that should not be made on summary judgment.

Findings at 19 (alterations in original) (citation omitted). This discussion indicates the magistrate judge analyzed whether plaintiff presented evidence to show the defendant "purposefully ignore[d]" plaintiff's medical needs, which is the "subjective standard" to which defendants refer. Defs.' Objs. at 2 ("[A] defendant must <u>purposefully</u> ignore or fail to respond to a prisoner's pain or possible medical need in order for deliberate indifference to be established.") (emphasis added in filed document) (citing *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992)). The magistrate judge correctly found that genuine disputes of material facts regarding whether defendants Eaton, Sanderson, Leslie and Kremer were deliberately indifferent prevent the court

3

from granting summary judgment on the Eighth Amendment claims against them.  Findings at 16–19, 21–24.

Additionally, defendants argue "no triable issue exists as to defendant Gomer's negligence."  Defs.' Objs. at 2.  Though the magistrate judge finds "the undisputed facts show that Gomer took plaintiff's eye problem seriously and took steps to have him seen by a specialist," *id.* at 3 (citing Findings at 20), this finding does not necessarily resolve the claim of negligence against defendant Gomer.  The magistrate judge correctly finds Gomer may have been negligent in labelling the request for a specialist as "urgent" instead of "emergent," and factual questions regarding the difference between these two labels prevent the court from granting summary judgment on the negligence claim against defendant Gomer.   Findings at 27–28.

Defendants also argue that the evidence shows defendants Leslie and Kremer behaved reasonably, and therefore summary judgment is appropriate.  However, defendants do not offer any evidence that necessarily controverts plaintiff's statements that:

> (1) Leslie and Kremer were specifically instructed by Dr. Park that plaintiff should be lying down and not agitated during the trip following his surgery, (2) that they manacled plaintiff in such a way that he was unable to lie down safely during the trip, (3) that they took a bumpier route than necessary, causing plaintiff to be unable to lie still and to hit his head; and (4) that they ignored plaintiff's complaints that his manacles were too tight and the drive was too bumpy.

Findings at 23 (footnote omitted).  Defendants offer affidavits from the defendants that may counter these assertions, but the court of course may not make credibility determinations or weigh evidence at this stage of the proceedings.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) ("[A]t the summary judgment stage the judge's function is not [] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.").  Whether or not "driving Plaintiff in a prison van [] presented a medical risk," Defs.' Objs. at 4, and whether or not defendants Leslie and Kremer acted reasonably in transporting plaintiff are questions of fact reserved for the jury, and therefore summary judgment is inappropriate at this stage.

/////

4

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed October 30, 2018 (ECF No. 76) are adopted with the exception of the analysis of plaintiff's Eighth Amendment claim against defendant Gomer.

2. Defendants' motion for summary judgment (ECF No. 47) is granted in part and denied in part as follows:

    a. Defendants' motion is denied with respect to plaintiff's Eighth Amendment and negligence claims against defendants Eaton, Gomer, Sanderson, Leslie, and Kremer; and

    b. Defendants' motion is granted with respect to plaintiff's claims against defendants Nweke, Powell, and Wooten.

3. The case is referred back to the assigned magistrate judge for all further pretrial proceedings.

DATED: March 28, 2019.

_____
UNITED STATES DISTRICT JUDGE