UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC MORA,<br><br>        Plaintiff,<br><br>    v.<br><br>EATON, et al.,<br><br>        Defendants. | No. 2:14-cv-0581 KJM DB P<br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action under 42 U.S.C. § 1983. Plaintiff alleges defendants were deliberately indifferent to his serious medical needs. On March 29, 2019, the court granted in part, and denied in part, defendants' motion for summary judgment. (ECF No. 81.) On May 8, 2019, plaintiff filed a motion for the appointment of an expert witness. On May 20, 2019, this court ordered each party to inform the court within twenty days whether a settlement conference would be useful. (ECF No. 85.) Defendants notified the court that they feel a settlement conference would be useful and waived any disqualification from having the undersigned conduct that conference. (ECF No. 86.)

On June 7, 2019, plaintiff filed a motion for an extension of time to inform the court whether he feels a settlement conference is advisable. (ECF No. 87.) Plaintiff states that he has scheduled consultations with medical professionals and wishes to have that information before responding to the court's order. The court finds good cause for the requested extension of time.

1

With respect to plaintiff's request for the appointment of an expert, plaintiff is informed that a request for expert assistance under Federal Rule of Evidence 706 is not meant to provide an avenue to avoid the in forma pauperis statute and its prohibition against using public funds to pay for the expenses of witnesses. See Gonzales v. Podsakoff, No. 1:15-cv-0924-SKO (PC), 2016 WL 3090590, at *2 (E.D. Cal. June 1, 2016); Manriquez v. Huchins, No. 1:09-cv-0456-LJO-BAM PC, 2012 WL 5880431, at *12 (E.D. Cal. Nov. 21, 2012). Nor does Rule 706 contemplate court appointment and compensation of an expert witness as an advocate for plaintiff. Gorton v. Todd, 793 F. Supp. 2d 1171, 1184 n. 11 (E.D. Cal. 2011); Faletogo v. Moya, No. 12cv631 GPC (WMc), 2013 WL 524037, at *2 (S.D. Cal. Feb. 23, 2013). While Rule 706 does permit the court to appoint a neutral expert to assist the court in resolving a "serious dispute," that is an extraordinary procedure that this court is not prepared, at this time, to invoke. Gorton, 793 F. Supp. 2d at 1181.

Accordingly, IT IS HEREBY ORDERED that

1. Plaintiff's motion for the appointment of an expert (ECF No. 84) is denied; and
2. Plaintiff's motion for an extension of time (ECF No. 87) is granted. Within forty-five days of the date of this order, plaintiff shall file his statement informing the court whether a settlement conference would be useful. In that statement, plaintiff shall also inform the court whether he waives any claim of disqualification from having the undersigned magistrate judge conduct the conference or whether he wishes to have a different magistrate judge conduct it.

Dated: June 10, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/mora0581.sett eot

2